UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Wayne Evangelista, | No. 25-cv-00777 (KMM/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| Federal Bureau of Prisons and the Warden of F.P.C. Duluth, | |
| Defendants. | |

This matter is before the Court on Plaintiff Wayne Evangelista's Objections (Dkt. 13) to the Report and Recommendation ("R&R") of U.S. Magistrate Judge John F. Docherty (Dkt. 11). For the following reasons, Evangelista's Objections are overruled, and the R&R is adopted.

Mr. Evangelista, who at the time of filing was an inmate at the Federal Prison Camp in Duluth, Minnesota ("FPC-Duluth"),[1] initiated this lawsuit on March 3, 2025. (Dkt. 1.) His Complaint asserts six constitutional and statutory claims based on alleged treatment during his time at FPC-Duluth. (Dkt. 1.) The Court also received a Motion for Leave to Proceed In Forma Pauperis ("IFP Application") from Mr. Evangelista. (Dkt. 2.) On June 12, 2025, Judge Docherty reviewed the Complaint prior to service pursuant to 28 U.S.C. § 1915(e)(2) and issued an R&R recommending that the Complaint be dismissed

---

[1] Mr. Evangelista now appears to be held at the Federal Correctional Institution in Ashland, Kentucky. *See* Dkt. 13; Wayne R Nance Jr, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Oct. 16, 2025).

without prejudice for lack of jurisdiction and for failure to state a claim. (Dkt. 11.) Judge Docherty further recommended that Mr. Evangelista's IFP Application be denied as moot. (Dkt. 11.) Mr. Evangelista filed timely Objections on June 23, 2025. (Dkt. 12.)

The Court reviews de novo any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). In the absence of objections, the Court reviews the R&R for clear error. *Nur v. Olmsted Cnty.*, 563 F. Supp. 3d 946, 949 (D. Minn. 2021) (citing Fed. R. Civ. P. 72(b) and *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam)). District courts "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b); *see also* Fed. R. Civ. P. 72(b)(3).

Here, Judge Docherty issued a lengthy R&R analyzing the issues raised in Mr. Evangelista's Complaint. In response, Mr. Evangelista filed very general objections, arguing that he has substantial documentation to support his allegations. However, he failed to engage with the substance of Judge Docherty's analysis in any specific way. Accordingly, the Court reviews the R&R for clear error. Finding none, the Court adopts the R&R in full and dismisses Mr. Evangelista's Complaint.

One assertion made by Mr. Evangelista warrants discussion, specifically that the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), opens Defendant Warden of F.P.C. Duluth to personal liability for the allegations made here. (Dkt. 12 at 1.) The Court reviews this issue de novo. Ultimately, Mr. Evangelista rests this objection on a misunderstanding of *Loper Bright*. As correctly noted by Mr. Evangelista, *Loper Bright* overturned the Supreme Court's decision in *Chevron, U.S.A.,*

2

*Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). But *Loper Bright*, like *Chevron* before it, dealt with what deference courts must give to federal agencies' interpretations of the laws they administer, rather than whether government officials can be held personally liable for acts done in the course of their duties as Mr. Evangelista asserts. The R&R provides an accurate statement of the law governing the circumstances in which federal agencies and officers can be held liable. And Judge Docherty correctly applied that law to Mr. Evangelista's Complaint in recommending its dismissal. Because the Court finds no error, it adopts the R&R in full.[2]

Based on the above, **IT IS HEREBY ORDERED that:**

1. Plaintiff's Objections to the Report and Recommendation (Dkt. 12) are **OVERRULED**;

2. The Magistrate Judge's Report and Recommendation (Dkt. 11) is **ACCEPTED**;

3. Plaintiff's Complaint (Dkt. 1) is **DISMISSED WITHOUT PREJUDICE**; and

4. Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Dkt. 2) is **DENIED** as moot.

**Let Judgment be Entered Accordingly.**

Date: October 16, 2025         *s/Katherine Menendez*
                               Katherine Menendez
                               United States District Judge

---

[2] Mr. Evangelista also suggests in his Objections that Judge Docherty's R&R is the product of a district-wide bias of an unspecified nature. Mr. Evangelista does not explain nor substantiate this claim. Accordingly, his allegation does not merit further analysis.